13 JAN 16 PM 3:45

MO     DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ALEJANDRO JIMENEZ, | CASE NO. 12-CV-607 BEN (RBB) |
|---|---|
| Petitioner, | **ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS AND DISMISSING PETITION** |
| vs. | |
| DANIEL PARAMO, Warden, | [ECF Nos. 10, 23] |
| Respondent, | |

On October 16, 2012, Magistrate Judge Ruben B. Brooks issued a thoughtful and thorough Report and Recommendation recommending dismissal of Alejandro Jimenez's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (R&R, ECF No. 23.) Judge Brooks concluded that this Court is without jurisdiction because Petitioner failed to first obtain authorization from the Ninth Circuit Court of Appeals to file a second or successive habeas petition. Petitioner filed Objections to the Report and Recommendation on October 26, 2012. (Obj., ECF No. 25.) Respondent did not file a Reply. Having reviewed the matter *de novo*, the Court **ADOPTS** the Report and Recommendation and **GRANTS** Respondent's Motion to Dismiss.

## BACKGROUND

The events that led to Petitioner's 1996 conviction are set out in Judge Brooks's report. (R&R at 2-3.) Following a jury trial in state court, Petitioner was sentenced under the Three Strikes Law to twenty-five years to life. The court added one consecutive year for a prior prison term conviction.

That judgment was affirmed on appeal.

In 1998, Petitioner filed a petition for writ of habeas corpus in this district. *Jiminez*[1] *v. Lindsey*, 3:98-CV-0309 IEG (LSP) (S.D. Cal. 1998). The court dismissed the action without prejudice for failure to exhaust state remedies. In 1999, Petitioner filed another petition challenging the same conviction. *Jiminez v. Roe*, 99-CV-1507 JM (POR) (S.D. Cal. 1999). The court dismissed that petition with prejudice as untimely. In 2010, the Ninth Circuit denied Petitioner's request for authorization to file a second or successive petition. *Jiminez v. Roe*, 99-CV-1507 JM (POR), ECF No. 16.

On March 9, 2012, Petitioner filed the petition in this case ("Pet."). He again challenges the 1996 conviction but asserts different grounds for relief, namely that his arrest violated the Vienna Convention on Consular Relations ("Vienna Convention") and that he received ineffective assistance of counsel. Judge Brooks concluded that Petitioner's failure to obtain the requisite authorization to file a second or successive § 2254 petition deprived this Court of jurisdiction. He recommends that the Petition be dismissed on that basis.

Petitioner objects to the R&R on the grounds that "justice requires consideration of my petition." (Obj. at 2.) He states that the "magistrate as well as the D.A. are trying to suffocate and hobble the writ's effectiveness with the manacles of arcane and scholastic requirements." (Obj. at 4.) His objections lack merit.

## DISCUSSION

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine *de novo* any part of the [report and recommendation] that has been properly objected to." FED. R. CIV. P. 72(b)(3).

"Because [Petitioner] filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its provisions apply." *Little v. Crawford*, 449 F.3d 1075, 1079 (9th Cir. 2006) (citing *Woodford v. Garceau*, 538 U.S. 202, 207 (2003)). When AEDPA applies, a district court may not consider a second or successive habeas application without

---

[1] Petitioner's name is spelled "Jiminez" in the captions of his prior habeas petitions.

authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam). "Generally, a new petition is 'second or successive' if it raises claims that were *or could have been* adjudicated on their merits in an earlier petition." *Id.* at 1273 (emphasis added). Dismissal of a § 2254 petition for failure to comply with the statute of limitations is treated like a decision on the merits that "renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b)." *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009).

Respondent contends that the Court should dismiss the current petition because the 1999 action was dismissed with prejudice and Petitioner failed to obtain leave from the Ninth Circuit to file a successive petition. (Mot. to Dismiss at 4.) Petitioner concedes that he did not have permission from the Ninth Circuit to file a second or successive petition. (Obj. at 1.) At issue then is whether the instant Petition is, in fact, "second or successive." Petitioner asserts that it is not because he raises new grounds for relief. (Oppo. at 7.)

The Court agrees with Judge Brooks that the instant petition is successive. A petition may be second or successive even if a claim was not presented in a prior application. *Cooper*, 274 F.3d at 1273. Petitioner is challenging the same conviction that he did in 1999. He appears to have had available and yet failed to raise his ineffective assistance of counsel claim in 1999. He cannot raise it now without authorization.

Petitioner's second argument, that arresting authorities violated his right to consular notification under Article 36 of the Vienna Convention, does not change the Court's conclusion. Petitioner points to President Bush's 2005 determination that state courts should give effect to an International Court of Justice decision that 51 named Mexican nationals were entitled to review of their convictions due to Vienna Convention violations. (Pet. at 6.) According to Petitioner, this "constitutes a new factual legal development that was previously unavailable[.]" (*Id.*) But Petitioner misunderstands the meaning of "second or successive." In general, "if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not." *Leal Garcia v. Quarterman*, 573 F.3d 221, 222 (5th Cir. 2009). As Judge Brooks aptly stated: "Whether Jimenez can make a prima facie showing that the

Vienna Convention claim rests on a new rule of constitutional law that was previously unavailable and which the Supreme Court has made retroactive to cases on collateral review is a question for the Ninth Circuit Court of Appeals." (R&R at 13.)

Petitioner is challenging the same conviction as he did in a prior petition, which was dismissed with prejudice as untimely. Because Petitioner has not obtained an order from the Ninth Circuit authorizing the district court to consider his successive petition, this Court lacks jurisdiction to consider the merits of his claims.

## CONCLUSION

After a de novo review, the Court fully **ADOPTS** Judge Brooks's Report and Recommendation. Respondent's Motion to Dismiss is **GRANTED**. Before filing another petition for writ of habeas corpus in this district challenging the same state court sentence, Petitioner must seek and obtain permission from the Ninth Circuit pursuant to 28 U.S.C. § 2244(b)(3).

**IT IS SO ORDERED.**

DATED: January 16, 2013

HON. ROGER T. BENITEZ
United States District Court Judge